. The judgment of the court below is affirmed.

*Affirmed.*

---

### G., B. & L. R'y Co. et al. v. Doyle.

Where damages claimed result through the frightening away of guests from plaintiff's hotel by the blasting of defendant, evidence of injuries to adjacent buildings, caused by rocks cast upon them through such blasting, is competent as bearing upon the reasonableness of the fears of injury entertained by such guests.

*Appeal from County Court of Clear Creek County.*

This case, like that of *G., B. & L. R'y Co. v. Eagles*, *ante*, is an action for damages occasioned by blasting in the excavation of the defendant company's road-bed. Sarah Doyle, who was plaintiff below, owned a certain building in Georgetown near the place where defendant was doing its work. This building she was using as a hotel, and when defendant's excavating commenced she had considerable patronage. The averments of the complaint, which the proofs tend to support, show that pieces of rock and *debris* were hurled into the air by defendant's blasts and fell upon plaintiff's premises; that danger to person and property was thus occasioned; that the explosions and the rocks falling upon and around plaintiff's hotel excited terror in the minds of her guests, which led them to abandon her house; and that for a considerable period of time her business was thus completely destroyed. Verdict and judgment in plaintiff's favor for $168.

Messrs. Teller and Orahood, for appellant.

Messrs. Thomas J. Cantlon and John C. Fitnam, for appellee.

HELM, J. The main question submitted in this case is precisely similar to that considered in *G., B. & L. R'y Co. v. Eagles, ante.* The same considerations are here pertinent, and are equally decisive. Our conclusions, therefore, upon this question need not be restated. The amendment made by the court to defendant's instruction was not error. The instruction as finally given was consistent with the law as understood by us, and announced in the opinion mentioned.

But a single additional assignment of error need be noticed. Testimony was received showing injury to buildings belonging to other persons, but situated in the vicinity of plaintiff's hotel. It is insisted that this testimony was not admissible, and that its reception constituted a fatal error. Such evidence was not competent to show the amount of plaintiff's damages, nor was it offered or received for this purpose. But an important question upon which the jury, in our judgment, were called to pass, related to the danger occasioned by the falling rock and *debris.* If the fears of plaintiff's guests were unreasonable and groundless, their fright and departure should not lay the foundation of a claim for damages against defendant. The recovery should be confined at least to nominal damages. As bearing upon this question, we think the testimony was admissible. The fact that other buildings in the neighborhood had been struck, that rocks weighing from two to three hundred pounds crashed into and through other houses near by, tended to establish the character and reality of the danger actually existing, and to warrant the feeling of insecurity which deprived the hotel of patronage.

While the presence of danger from falling fragments of earth and rock is sufficiently shown, the evidence in this case, as in the *Eagles Case,* is in some other respects not strong or satisfactory; but we do not feel justified on this account in setting aside the verdict. The judgment is affirmed.                                  *Affirmed.*